

**ORDERED in the Southern District of Florida on July 28, 2025.**



Peter D. Russin, Judge
United States Bankruptcy Court

---

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

In re:

MIRROR TRADING INTERNATIONAL
(PTY) LTD,

     Debtor in a Foreign Proceeding.

_____/

CHAVONNES BADENHORST
ST CLAIR COOPER, in his capacity as
Foreign Representative,

     Plaintiff,

v.

SEAN LOGAN,

     Defendant.

_____/

Case No.: 23-11046-PDR

Chapter 15

Adv. Pro. No.: 24-01078-PDR

## ORDER DENYING MOTION FOR ALTERNATIVE SERVICE
## AND GRANTING MOTION FOR ISSUANCE OF PLURIES SUMMONS

This is one of those cases where the law hasn't quite kept pace with life. These days, most people are more likely to notice a ping on their phone than a letter in their mailbox. But the Defendant here doesn't just check his messages — he *lives* online. He calls it a "laptop lifestyle," and from all appearances, he's constantly connected but physically untraceable.

After diligent but unsuccessful efforts to serve him in person, the Plaintiff asks this Court to authorize service through the platforms where the Defendant actually resides: email, Instagram, YouTube, and other digital means. That request makes sense. It's targeted, practical, and probably the most effective way to give this Defendant notice. But the law doesn't currently allow it. The Federal Rules of Civil Procedure — and Florida law — still tie service to physical presence. They permit service only where a person can be found in the real world and make no exception for those who are unreachable offline but plainly accessible online. So as reasonable — even compelling — as electronic service may seem here, the Court cannot grant the motion.

The irony, of course, is hard to miss. This entire case arises from the Defendant's online activity. The Plaintiff seeks to recover Bitcoin transferred to him by Mirror Trading International ("MTI" or the "Debtor"), an alleged South African Ponzi scheme and the Debtor in this Chapter 15 case. Bitcoin is digital. MTI was an online platform. The Defendant registered for it online and received the Bitcoin online. And while his physical location remains a mystery, his online presence is frequent and public.

The Plaintiff is right to argue that service by electronic means would likely succeed where traditional methods have failed. And courts have allowed such methods in foreign service under Rule 4(f). But there is no rule — federal or Florida — that allows it for domestic individual defendants. For that reason, and those that follow, the Motion must be denied as to electronic service.

However, the Motion is granted as to the Plaintiff's request for issuance of a pluries summons, which shall remain valid for 120 days from issuance.

I.    **Background**

This matter came before the Court for hearing on July 1, 2025 at 10:00 A.M. and July 16, 2025 at 10:00 A.M. upon Chavonnes Badenhorst St Clair Cooper's (the "Plaintiff" or the "Foreign Liquidator") *Motion to Issue Pluries Summons and Order Authorizing and Approving Alternative Methods of Service Pursuant to Federal Rule of Civil Procedure 4(f)* (the "Motion").[1]

Sean Logan (the "Defendant" or "Logan") is an alleged investor in MTI, a South African company that purported to trade cryptocurrency. Investors transferred their Bitcoin to MTI, who supposedly traded it to earn remarkable returns. The company periodically made dispositions of Bitcoin to certain investors, and the Plaintiff alleges that Mr. Logan is one of the recipients.

South African authorities later determined MTI to be a Ponzi scheme, and the company was put into an involuntary liquidation under South African law on December 29, 2020. The Foreign Liquidator was appointed on November 11, 2021, to

---

[1] Doc. No. 35. References to the docket of this adversary proceeding are designated as "Doc. No." References to the docket of the Main Case are designated as "Main Case Doc. No."

recover assets for the benefit of the South African estate. To pursue avoidance actions in the United States, the Foreign Liquidator filed a *Petition for Recognition of Foreign Proceeding* in this Court on February 9, 2023.[2] On March 15, 2024, the Foreign Liquidator initiated this adversary proceeding, seeking to recover dispositions of Bitcoin made to the Defendant under the South African Insolvency Act.

However, the Foreign Liquidator has for over a year been unable to locate and effectuate service on the Defendant, despite diligent efforts. These efforts included mailing service documents to Mr. Logan's last known address, attempting personal service at multiple physical addresses in Nevada and Idaho identified through skip tracing and public records searches, and engaging an investigator to pursue alternative locations. Individuals encountered during the service attempts indicated that Mr. Logan does not reside at those addresses. Mr. Logan remains elusive. On social media, however, he is anything but, posting frequently and describing himself as living a "laptop lifestyle."

Based on the Plaintiff's futile efforts and evidence of Mr. Logan's transient and online lifestyle, the Plaintiff now seeks authorization to effect service by alternative means pursuant to Federal Rule of Civil Procedure 4(e)(1) and/or 4(f)(3). Specifically, the Plaintiff requests leave to serve the operative complaint, pluries summons, and scheduling order via Mr. Logan's known and active electronic accounts, including email and social media platforms Instagram, YouTube, and X (formerly Twitter). The Motion, as supplemented by the Plaintiff, ore tenus, at the July 16 hearing, also seeks

---

[2] Main Case Doc. No. 1.

to enlarge the effective period of the pluries summons from 7 days to 120 days, and extend the time to respond to the Amended Complaint[3] from 30 days of the issuance of the pluries summons to 30 days of service of the pluries summons.

## I.    <u>Jurisdiction and Venue</u>

This Court has subject matter jurisdiction over the proceeding under 28 U.S.C. § 1334. The Court has statutory authority to hear and determine this proceeding under 28 U.S.C. § 157(a), (b)(1), (b)(2)(O), (b)(2)(P), and the Court's *Order Granting Verified Motion for Order Granting Recognition of Foreign Proceeding*.[4] Venue is proper under 28 U.S.C. § 1410.

## II.    <u>Legal Analysis</u>

Service of process must be reasonably calculated to provide a defendant notice of the action against them.[5] Rule 4 of the Federal Rules of Civil Procedure, incorporated into this proceeding by Federal Rule of Bankruptcy Procedure 7004, governs service of process.[6] Here, the Plaintiff seeks to effectuate service under Federal Rule of Civil Procedure 4(e)(1) and/or 4(f)(3).

Rule 4(e)(1), which applies to serving individuals within the United States, provides:

> (e) **Serving an Individual Within a Judicial District of the United States**. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

---

[3] Doc. No. 7.

[4] Main Case Doc. No. 11.

[5] *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

[6] *See* Fed. R. Civ. P. 4; Fed. R. Bankr. P. 7004.

> (1) **following state law** for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. . .

Fed. R. Civ. P. 4(e) (emphasis added). As this Court sits in Florida, service under Rule 4(e) may be made pursuant to Florida law or the law of the state where service is made.

Federal Rule of Civil Procedure 4(f), on the other hand, applies to serving individuals outside of the United States. Rule 4(f)(3) provides:

> (f) **Serving an Individual in a Foreign Country**. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:
> …
> …
>
> (3) **by other means not prohibited by international agreement, as the court orders**.

Fed. R. Civ. P. 4(f) (emphasis added). Accordingly, courts are provided wide deference in tailoring service – so long as the defendant is "not within any judicial district of the United States."

The question here is not whether electronic service would be effective but whether the rules currently allow it.

A. Service Under Fed. R. Civ. P. 4(f) Is Not Permitted on Defendants in the United States

As the title of Federal Rule of Civil Procedure 4(f) indicates, that subsection regards "Serving an Individual in a Foreign Country."[7] This is also made clear by the

---

[7] Fed. R. Civ. P. 4(f) (emphasis added).

phrase at the end of the subsection, which provides that an individual: "may be served at a place *not within* any judicial district of the United States by: . . ."[8] Accordingly, if a plaintiff seeks to serve an individual *within* the United States – as the Plaintiff seeks here – Rule 4(f) is plainly unavailable. Each case cited by the Plaintiff in support of the argument that the Defendant may be served electronically involved effectuating service on an individual or entity outside of the United States,[9] further undermining the argument that Rule 4(f) may be used to serve defendants in the United States.

The Plaintiff argues: "[a]lthough Rule 4(f) technically governs service on individuals in foreign countries, the rationale underlying Rule 4(f)(3)—namely, the need for flexibility in effecting service where conventional methods have failed— should likewise be applied to domestic cases." The Court certainly agrees and would like to apply that rationale here. But there is nothing technical about Rule 4(f)'s mandate that a defendant be out of the country – the Rule's language is plain. While the Court is supportive of the Plaintiff's rationale, he cites no applicable law, likely because the Rule unambiguously leaves no room to apply it. Rule 4(f) is unavailable on the facts of this case.

---

[8] Id (emphasis added).

[9] *Seaboard Marine Ltd. v. Magnum Freight Corp.*, 2017 U.S. Dist. LEXIS 231098, at 4 (S.D. Fla. Sept. 21, 2017) (authorizing service by email on a foreign corporation in Cosa Rica); *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015–17 (9th Cir. 2002) (accord); *FTC v. PCCare247 Inc.*, 2013 U.S. Dist. LEXIS 31969, at *10–13 (S.D.N.Y. Mar. 7, 2013) (authorizing service by email and Facebook on foreign defendants in India).

B.  <u>Electronic Service Is Not Permitted Under Florida Law</u>

Having failed under federal law, the Plaintiff turns to Florida law. But that path fares no better. The Plaintiff argues that service via email or social media is permitted under Florida law, citing three Florida cases. However, they do not allow for service via email or social media. At issue in *Hernandez v. State Farm*, for example, was alternative service on the Secretary of State pursuant to a Florida statute governing lawsuits arising from automobile accidents.[10] In *U.S. Commodity Futures Treading Commission v. Aliaga*, the District Court for the Southern District of Florida allowed service by email, but did so under Federal Rule of Civil Procedure 4(f), rather than Florida law, as the Defendant lived in the Dominican Republic.[11] Finally, in *Chanel, Inc. v. Lin*, the District Court considered service by email under Rule 4(f) on a Defendant in China.[12]

Moreover, while not specifically prohibited by Florida law, a recent statute suggests that electronic service was considered and rejected by the Florida Legislature. Florida Statute § 48.102, enacted in 2022, allows electronic service on businesses but not individuals.[13] It provides:

> 48.102  Service by other means.—If, after due diligence, a party seeking to effectuate service is unable to effectuate personal service of process on a domestic or foreign **corporation**; a domestic or foreign **general partnership**, including a **limited liability partnership**; a domestic or foreign **limited partnership**, including a **limited liability**

---

[10] *Hernandez v. State Farm Mut. Auto. Ins. Co.*, 32 So. 3d 695, 698 (Fla. 4th DCA).

[11] U.S. *Commodity Futures Trading Com'n v. Aliaga*, 272 F.R.D. 617, 619 (S.D. Fla. 2011).

[12] *Chanel, Inc. v. Lin*, 2009 WL 1034627, at *1 (S.D. Fla. Apr. 16, 2009) (holding that service via email was not reasonably calculated to give notice).

[13] Fla. Stat. § 48.102 (2022).

**limited partnership**; or a domestic or foreign **limited liability company**, the court, upon motion and a showing of such inability, may authorize service in any other manner that the party seeking to effectuate service shows will be reasonably effective to give the entity on which service is sought to be effectuated actual notice of the suit. Such other manners of service may include **service electronically by e-mail or other technology** by any person authorized to serve process in accordance with this chapter, or by an attorney.

Fla. Stat. § 48.102 (2022) (emphasis added). According to a Florida Bar Journal article, the omission of service on individuals was intentional: "[t]he task force limited the applicability of the statute to service of process on business entities based on an assumption that business entities were more likely to maintain regular email systems for official or business purposes rather than for casual or social communications."[14]

Accordingly, not only is there nothing under Florida law that would allow for electronic service on individuals, but the Florida Legislature appears to have considered and rejected the idea. The Plaintiff is not authorized to serve the Defendant electronically under Florida law, and Federal Rule of Civil Procedure 4(e)(1) is thus unavailing.

C. <u>The Court May Enlarge the Effective Period of the Pluries Summons and the Time to Respond to the Complaint</u>

The Motion, as supplemented by the Plaintiff, ore tenus, requests the issuance of a pluries summons and for it to be effective for a period of 120 days. While Federal Rule of Bankruptcy Procedure 7004(e) provides that a summons must be served or

---

[14] Giacomo Bossa & James B. Murphy, Jr., *Recent Legislative Changes to Service of Process: A New Ball Game?*, 97 Fla. B.J. 39 (2023).

mailed within 7 days of its issuance,[15] the Court may extend such period for cause under Rule 9006(b).[16] Cause exists here, as the Defendant has been consistently elusive, and serving him within the typical 7-day period appears unrealistic.

The Plaintiff also requests to extend the period for Mr. Logan to respond to the Amended Complaint. Rule 7012(a) provides that a defendant must serve an answer to a complaint within 30 days of the issuance of the summons,[17] but this can likewise be extended for cause.[18] The Plaintiff requests that the Defendant be permitted to respond within 30 days of *service* of the pluries summons, rather than 30 days of its issuance. Given the pluries summons will be effective for 120 days, the deadline to respond will likely lapse prior to the pluries summons having been served. Therefore, cause exists to extend the time to respond to 30 days from the service of the summons.

### III.    <u>Conclusion</u>

The Plaintiff has done what he could with the tools available—searching, knocking, mailing—only to find the Defendant vanishing into the digital ether. In a better world (or at least a more modern one), service of process would follow people where they actually live: online. Other jurisdictions, and even Florida when it comes to businesses, have begun to recognize this. But neither Florida law nor the Federal Rules have caught up yet.

---

[15] Fed. R. Bankr. P. 7004(e)(1).

[16] *See* Fed. R. Bankr. P. 9006(b).

[17] Fed. R. Bankr. P. 7012(a).

[18] *See* Fed. R. Bankr. P. 9006(b).

This Court can empathize with the Plaintiff's frustration and even agrees, in principle, that service by electronic means would likely be more effective here than the archaic alternatives. But courts cannot rewrite the rules to suit facts. If change is needed, it must come from the rule makers, not from this Court. Until then, lawyers are left to chase ghosts through the mail, and courts are left to deny motions like this one.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The Motion is **GRANTED IN-PART.**

2. The Motion is **GRANTED** as to the Plaintiff's request for the issuance of a pluries summons. The Clerk of Court shall issue a pluries summons for Defendant SEAN LOGAN, which shall remain valid for 120 days from the date of its issuance.

3. This Order shall supersede any contrary language in the pluries summons regarding the deadline to respond. **Defendant SEAN LOGAN shall have thirty days from the date of service of the Complaint to file a response thereto.** The Plaintiff shall serve this Order with the pluries summons on the Defendant.

4. The Motion is **DENIED** as to the Plaintiff's request for alternative service by email and social media.

5. The Scheduling Order has been addressed by separate order (Doc. No. 40).

###

Copies to:
All parties in interest.